UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
COLLEEN BLAIS,

                  Plaintiff,

        -against-

PLAZA ASSOCIATES, LLC

                  Defendant.
---------------------------------------------------------------X

*Class Action*
**COMPLAINT**
6963 CV 08

## INTRODUCTION

1. COLLEEN BLAIS (hereinafter "plaintiff") seeks redress for the illegal practices of PLAZA ASSOCIATES LLC (hereinafter "defendant") concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

## PARTIES

2. Plaintiff is a citizen of the State of New Hampshire.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiffs is a consumer debt.

4. Upon information and belief, Plaza Associates is a New York corporation with its principal place of business located in New York City.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers nationwide and regularly engages in business the City and State of New York.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## JURISDICTION

7. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331 and venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c), as the defendant conducts business in this district and has sufficient ties to the jurisdiction and as the acts and transactions that give rise to this action occurred, in substantial part, in this jurisdiction.

## AS AND FOR A FIRST CAUSE OF ACTION

8. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-7 as if set forth fully in this cause of action.

9. That a personal debt was allegedly incurred by the plaintiff from an unidentified creditor.

10. That at a time unknown to the plaintiff herein, the aforementioned debt was referred and/or assigned to the defendant for collection.

11. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

12. That on or about, April 29, 2008, defendant's agent left a voice mail with the plaintiff.

13. That, in the voice mail, defendant's agent represented herself as "***Ms. Emanuel*** [*sic*] ".

14. That Ms. Emanuel stated that the phone call regarded a "*complaint*" against the plaintiff.

15. That Ms. Emanuel stated in her message to the plaintiff that her client has asked her to "*enlarge your complaint* [*sic*] and *enforce your complaint by reaching out to your place of employment*". (emphasis added).

16. That Ms. Emanuel repeated that she was going to enforce the complaint by reaching out to her place of employment at the end of the message, and added she was going to speak

with the plaintiff's "***payroll or human resources department***".  (emphasis added).

17. That Ms. Emanuel told the plaintiff to call back the number 212-613-5567, a number belonging to the defendant.

18. That Ms. Emanuel falsely threatened legal action which can not, or is not intended to be taken by stating she is going to ***enforce*** [*sic*] ***a complaint*** against the plaintiff.

19. That the message failed to state that the call is from a debt collector as required by law.

20. That defendant's agent appears to be reading from a script which is used to threaten all consumer debtors.

21. That beginning on or about November, 2007, the defendant's agents called for the plaintiff at her place of employment on a daily basis.  Cheryl Caron, the plaintiff's manager, answered the phone several times and told the defendant's agents to stop calling or it will jeopardize the plaintiff's job.

22. On or about February, 2008, a defendant's agent called the plaintiff's place of employment and spoke with Cheryl Caron, failing to identify himself, and asked to speak with the plaintiff.

23. When asked by Cheryl Caron to cease from further calls, defendant's agent persisted by inquiring about plaintiff's "wage garnishment" status.

24. On or about April, 2008, a defendant's agent called the plaintiff's place of employment and asked for the plaintiff.  Cheryl Caron answered the phone, told the agent "no", and terminated the call.

25. That defendant's agent immediately called back again and continued to call repeatedly and each time, plaintiff's employer would terminate the call.

26. That, after 15 minutes of constant repeated calls, Cheryl Caron answered the phone, and the defendant's agent stated that he, "can call you all day, how much business are you

going to lose!?"

27. Defendant knew or had reason to know that the plaintiff's employer prohibited the consumer from receiving such communication, yet continued to call the plaintiff's place of employment, putting the plaintiff's job in jeopardy and causing the plaintiff embarrassment and humiliation at her place of employment..

28. Defendant's conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (c), (e), and (g) in that communications to the plaintiff by the defendant fail to advise the consumer of her rights, and are false, deceptive, unfair, threatening and made in furtherance of attempting to collect a consumer debt by means of duress, harassment and unlawful third party disclosures.

29. That as per 15 U.S.C. § 1692 et seq. and as a result of the above violation, defendant is liable to the plaintiff and all members similarly situated for statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus actual damages and treble damages, costs and attorney's fees.

## CLASS ALLEGATIONS

30. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-29 as if set forth fully in this cause of action.

31. This cause of action is brought on behalf of Plaintiffs and the members of a class.

32. The class consists of consumers who received telephone calls and messages from the defendant's agents which failed to used false, deceptive, unfair and threatening methods when collecting debt.

33. The class consists of all persons whom Defendant's records reflect resided in the United States and who received a telephone message (a) from one of the defendant's collection representatives who used false, deceptive, unfair, threatening methods and/or suggestive of criminal behavior when collecting debt similar to the message for the plaintiffs (b) the message was left concerning the seeking payment of an alleged debt and failed to provide proper disclosures as required by the FDCPA; and (c) that the message contained violations of 15 U.S.C. 1692 et seq., subsections c, d, e, f, and/or g.

34. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that telephone messages are at the heart of this litigation, the class is so numerous that joinder is impracticable.

    (B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members.

    (C) The only individual issue is the identification of the consumers who received the message, (i.e. the class members), a matter capable of ministerial determination from the records of the defendant.

    (D) The claims of the plaintiffs are typical of those of the class members. All are based on the same facts and legal theories.

    (E) The plaintiffs will fairly and adequately represent the class members' interests. The plaintiffs have retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

35. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated

individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

36. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

37. Phone messages, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

38. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

39. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE,** plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a) Statutory damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(b) Actual damages and treble damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on the first cause of action.

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

Dated: July 21, 2008

\_\_\_s/_____

Amir J. Goldstein, Esq.

**Attorney for the Plaintiff**

591 Broadway, #3A

New York, New York 11012

(212) 966- 5253 phone

(212) 941- 8566 fax

Plaintiff requests trial by jury on all issues so triable.

\_\_\_\_s/_____

Amir J. Goldstein  (AG-2888)